1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  MARY LOUISE WILLIAMS,                   Case No. 2:24-cv-03105-CSK

12              Plaintiff,                   ORDER ON PARTIES' CROSS MOTIONS
                                             FOR SUMMARY JUDGMENT
13       v.
                                             (ECF Nos. 15, 17)
14  COMMISSIONER OF SOCIAL
    SECURITY,
15
                Defendant.
16

17          Plaintiff Mary Louise Williams, proceeding in this action pro se, seeks judicial

18  review of a final decision by Defendant Commissioner of Social Security denying an

19  application for child's insurance benefits.[1] In her summary judgment motion, Plaintiff

20  appears to be seeking survivor's benefits on her deceased father's record, but does not

21  identify any error made by the Administrative Law Judge ("ALJ"). The Commissioner

22  opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks

23  affirmance.

24          For the reasons below, Plaintiff's motion is DENIED and the Commissioner's

25  cross-motion is GRANTED.

26  / / /

27  _____

28  [1]  This action was referred to the magistrate judge under Local Rule 302(c)(15) and
    proceeds on the consent of all parties. (ECF Nos. 9, 11, 12.)

1    **I.      SOCIAL SECURITY CASES:  FRAMEWORK & FIVE-STEP ANALYSIS**

2            The Social Security Act provides benefits for qualifying individuals unable to

3    "engage in any substantial gainful activity by reason of any medically determinable

4    physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the

5    "claimant") seeks Social Security disability benefits, the process for administratively

6    reviewing the request can consist of several stages, including: (1) an initial determination

7    by the Social Security Administration; (2) reconsideration; (3) a hearing before an

8    Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the

9    Social Security Appeals Council. 20 C.F.R. § 404.900(a). Child's insurance benefits are

10   available to the children of persons who are deceased or who are drawing Social

11   Security disability or retirement benefits, provided that the child became disabled before

12   age twenty-two. 42 U.S.C. § 402(d). In order to be entitled to child's insurance benefits,

13   the individual must be under eighteen, eighteen years old or older and have a disability

14   that began before turning twenty-two years old, or eighteen years or older and qualify for

15   benefits as a full-time student. 20 C.F.R. § 404.350(a)(5).

16           At the hearing stage, the ALJ is to hear testimony from the claimant and other

17   witnesses, accept into evidence relevant documents, and issue a written decision based

18   on a preponderance of the evidence in the record. 20 C.F.R. § 404.929. In evaluating a

19   claimant's eligibility, the ALJ is to apply the following five-step analysis:

20           **Step One**: Is the claimant engaged in substantial gainful activity? If yes,
             the claimant is not disabled. If no, proceed to step two.

21
22           **Step Two**: Does the claimant have a "severe" impairment? If no, the
             claimant is not disabled. If yes, proceed to step three.

23           **Step Three**: Does the claimant's combination of impairments meet or
             equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")?
24           If yes, the claimant is disabled. If no, proceed to step four.

25           **Step Four**: Is the claimant capable of performing past relevant work? If
             yes, the claimant is not disabled. If no, proceed to step five.

26           **Step Five**: Does the claimant have the residual functional capacity to
             perform any other work? If yes, the claimant is not disabled. If no, the
27           claimant is disabled.

28   *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. § 404.1520(a)(4). The

burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review of the Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

/ / /

/ / /

1    **II.    FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS**

2          On January 12, 2018, Plaintiff applied for child's insurance benefits on her

3    deceased father's record under Title II of the Social Security Act, alleging she has been

4    disabled since February 28, 1984. Administrative Transcript ("AT") 140, 332-33

5    (available at ECF No. 13). Plaintiff claimed disability due to cognitive delay and anxiety.

6    *See* AT 140. Plaintiff's applications were denied initially and upon reconsideration; she

7    sought review before an ALJ. AT 144, 146, 154, 156, 191-92. Plaintiff appeared at two

8    prior hearings with a representative, on August 26, 2021 and November 22, 2021, where

9    the ALJ, Plaintiff, and Plaintiff's representative primarily discussed adding additional

10   documents to the record. *See* AT 77-114, 115-39. Plaintiff appeared without a

11   representative at a February 15, 2022 hearing before an ALJ, where Plaintiff testified

12   about her impairments and a vocational expert testified about hypothetical available jobs

13   in the national economy. AT 38-75.

14         On June 2, 2022, the ALJ issued a decision finding Plaintiff was not disabled. AT

15   21-31. The ALJ found that Plaintiff had not attained age twenty-two as of the alleged

16   onset date of February 28, 1984. AT 28. At step one, the ALJ found Plaintiff had not

17   engaged in substantial gainful activity since February 28, 1984. AT 29. The ALJ found

18   that prior to the date Plaintiff attained age twenty-two (March 7, 1984), there were no

19   medical signs or laboratory findings to substantiate the existence of a medically

20   determinable impairment. AT 29. The ALJ did not address any other steps. Thus, the

21   ALJ found Plaintiff not disabled during the relevant period. AT 30.

22         On March 20, 2023, the Appeals Council rejected Plaintiff's appeal. AT 12-16.

23   Plaintiff filed this action requesting judicial review of the Commissioner's final decision.

24   (ECF No. 1.) Plaintiff did not timely file a motion for summary judgment, and on April 25,

25   2025, the Court issued a minute order ordering Plaintiff to show cause why her case

26   should not be dismissed for failure to prosecute or to file her motion. (ECF No. 14.)

27   Plaintiff filed a response to the Court's minute order (ECF No. 15), which the Court

28   construed as her motion for summary judgment (ECF No. 16). Defendant filed its motion

1    for summary judgment. (ECF No. 17.)

2    **III.    DISCUSSION**

3        **A.    Plaintiff Does Not Challenge the ALJ's Decision**

4        Plaintiff does not articulate clear or discrete legal issues for the Court's

5    consideration. In Plaintiff's motion, she requests "survivor's benefits," but based on the

6    Administrative Transcript and construing Plaintiff's motion liberally, Plaintiff appears to be

7    requesting child's insurance benefits on her deceased father's record. Pl. MSJ at 5 (ECF

8    No. 15); *see Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a

9    duty to construe pro se pleadings liberally, including pro se motions as well as

10   complaints.").

11       Plaintiff's motion does not allege that the ALJ committed any error. The Court

12   cannot rule in Plaintiff's favor when no legal argument has been presented. *See Turner*

13   *v. Berryhill*, 2019 WL 560247, at *4 (E.D. Cal. Feb. 12, 2019) (citing *Hibbs v. Dep't of*

14   *Human Resources*, 273 F.3d 844, 873 n.34 (9th Cir. 2011) (finding argument too

15   undeveloped to be capable of assessment)). While the Court is required to liberally

16   construe a pro se plaintiff's filings, the pro se plaintiff is still required to establish her right

17   to relief on the claims asserted. *Rigsbay v. Colvin*, 2016 WL 1268006, at *3 (E.D. Cal.

18   Mar. 30, 2016). Here, Plaintiff appears to be requesting child's insurance benefits on her

19   deceased father's record as she says that "they are just now getting around to doing my

20   dad survivors benefits." Pl. MSJ at 5. However, she does not provide any legal argument

21   or contest any part of the ALJ's decision. The ALJ found that there were no medical

22   records consisting of any complaints, treatments, or diagnosis from the pertinent time

23   periods from age eighteen to twenty-two to establish child's disability insurance benefits

24   from Plaintiff's alleged onset date of February 28, 1984 to her twenty-second birthday of

25   March 7, 1984. AT 29-30. The ALJ noted that the only medical records in the file were

26   from 2007 to 2021. AT 30. Plaintiff does not challenge the ALJ's determination or contest

27   this finding.

28   / / /

1    **IV.    CONCLUSION**

2          Because Plaintiff has provided no argument supporting her challenge to the ALJ's

3    decision, and no evidence warranting remand, her motion must be DENIED. *See Turner*,

4    2019 WL 560247, at *4-5.

5                              **<u>ORDER</u>**

6          Accordingly, the Court ORDERS:

7    1.    Plaintiff's motion for summary judgment (ECF No. 15) is DENIED;

8    2.    The Commissioner's cross-motion (ECF No. 17) is GRANTED and judgment is

9          entered for the Commissioner; and

10   3.    The Clerk of the Court is directed to CLOSE this case.

11

12   Dated:  October 7, 2025

13                                                        _____
                                                         CHI SOO KIM
14                                                       UNITED STATES MAGISTRATE JUDGE

15   5, will.3105.24

16

17

18

19

20

21

22

23

24

25

26

27

28

6